SO ORDERED
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :
UNITED STATES OF AMERICA,    :     07 Cr. 127 (SHS)
                                              :     07 Civ. 9407 (SHS)
    -against-                         :
                                              :     ORDER
MOUHAMADOU MOUSTAPHA FALL.   :
                                              :
------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

    On March 30, 2007, petitioner Mouhamadou Moustapha Fall was sentenced, *inter alia*, to a term of imprisonment of time served and a two year period of supervised release following his conviction, pursuant to a guilty plea, of making false statements in an application for a passport in violation of 18 U.S.C. § 1542. Fall now petitions pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence on the grounds (1) that his plea was not knowing and voluntary because it was made in ignorance of certain immigration consequences and (2) that he received constitutionally ineffective assistance of counsel. For the reasons set forth below, the petition is dismissed.

I.     **BACKGROUND**

    Fall, a native and citizen of Senegal, entered the United States on a non-immigrant student visa in 1993. (Order to Show Cause and Notice of Hearing dated July 25, 1995 ("OSC") at 1, Ex. B to the Opposition of the United States to Petition ("Gov't Opp.").) The visa was conditioned on Fall attending the University of Nevada in Reno, Nevada. (Id.; Oral Decision of Immigration Judge dated May 19, 2008 ("IJ Decision") at 4, Ex. A to Gov't Opp.) Fall did not attend the University of Nevada in Reno. (OSC at 1; IJ Decision at 4.)

    On January 24, 2007, Fall was arrested and charged in the United States District Court

1

for the Southern District of New York with making a false statement on an application for a passport. Specifically, Fall was charged with submitting an application for a United States passport on January 19, 2007 in which he falsely represented that his place of birth was Jackson, Mississippi. (Felony Information filed Feb. 15, 2007.) Fall was represented by Federal Public Defender Steven Statsinger.

On February 15, 2007, Fall pleaded guilty to the crime charged before Magistrate Judge Ronald L. Ellis. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Magistrate Judge Ellis addressed Fall personally in open court to determine whether his plea was knowing and voluntary and whether there was a factual basis for the plea. (Tr. of Plea Allocution dated Feb. 15, 2007 at 4-14.) Among other things, Fall acknowledged that he understood that the crime he was charged with carried a maximum sentence of ten years' imprisonment. (Id. at 4-5.) Magistrate Judge Ellis also asked Fall, "Do you understand that by pleading guilty, that you are subject to being deported, and in all likelihood will be deported after the serving of any sentence?" (Id. at 5.) Fall responded, "Yes." (Id.) Fall admitted that he committed the offense charged and specified that "[o]n January 19, I went to the passport office and I applied for a U.S. passport, and I falsely said that I was from Mississippi." (Id. at 13.) Magistrate Judge Ellis recommended that the plea be accepted by this Court. (Id. at 14.) After reviewing the transcript of the February 15, 2007 proceeding, this Court determined that Fall had entered his guilty plea knowingly and voluntarily and the Court accepted the plea. (Order Accepting Plea Allocution Before a U.S. Magistrate Judge dated Mar. 22, 2007.)

On March 30, 2007, the Court sentenced Fall to be imprisoned for a term of time served. (Sentencing Tr. dated Mar. 30, 2007 ("Sent. Tr.") at 8-9.) The Court also imposed a

two-year period of supervised release, including a special condition of four months of home confinement. (Id.) The sentence imposed represented the bottom of the advisory United States Sentencing Guidelines range. (Id.) Fall did not appeal his conviction or his sentence.

Subsequently, petitioner was taken into custody by the Department of Homeland Security and was placed in removal proceedings on the ground that fourteen years earlier he had violated the conditions of his 1993 non-immigrant student visa by failing to attend the University of Nevada at Reno. (U.S. Dep't of Justice Exec. Office for Immigration Review Mem. of Decision and Order dated Feb. 7, 2008 at 1, Ex. C to Gov't Opp; OSC at 1; IJ Decision at 1-2.) In immigration proceedings, Fall admitted the factual allegations establishing that he had violated the conditions of his non-immigrant visa but sought several forms of relief from removal, including suspension of deportation, asylum, withholding of removal, and relief under the Convention Against Torture. (IJ Decision at 2; OSC at 1.) On May 19, 2008, an IJ found Fall to be subject to removal and rejected on their merits his applications for asylum, withholding of removal, and relief under the Convention Against Torture. (Id. at 2, 19-32.) The IJ also found Fall to be statutorily ineligible for suspension of deportation on the ground that his conviction for making a false statement in an application for a passport was a conviction for a crime involving moral turpitude that precluded the finding of good moral character necessary for such relief. (IJ Decision at 5,13-15.) According to the government, Fall's appeal of the IJ's determination to the Board of Immigration Appeals is currently pending. (Gov't Opp. at 2.)

On December 4, 2007, Fall filed this *pro se* petition pursuant to 28 U.S.C. § 2255. Read liberally in petitioner's favor, it challenges his conviction and sentence on the grounds that (1) his guilty plea was not knowing and voluntary because the Court failed to apprise him

3

of the immigration consequences of his guilty plea, (2) his plea was invalid because it was a product of his counsel's constitutionally ineffective assistance, and (3) his counsel provided ineffective assistance by failing to inform the Court of certain facts relevant to his sentence. The petition is dismissed for the reasons set forth below.

## II.     DISCUSSION

Pursuant to 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Fall is "in custody" for purposes of this section 2255 petition because he is currently subject to a sentence of supervised release imposed by this Court. Schwartz v. United States, 888 F. Supp. 24, 26 (S.D.N.Y. 1995).[1] He has failed, however, to demonstrate that the sentence was imposed in violation of federal law.

### A.     Petitioner's Plea Was Valid

#### 1.     *The Court Fully Informed Fall of the Immigration Consequences of His Guilty Plea*

Fall contends first that Magistrate Judge Ellis failed to inform him of the immigration consequences of pleading guilty, rendering his plea not knowing and voluntary. However, the record does not support Fall's contention. As noted above, during Fall's plea allocution, the following colloquy took place:

THE COURT:          Mr. Fall, are you a citizen of the United States?

THE DEFENDANT:   Citizen of Senegal.

---

[1] It appears that Fall is also currently being detained by immigration authorities pending his appeal of an order of removal from the United States. However, because Fall here challenges the sentence of supervised release on the ground that it was imposed in violation of federal law, the fact that he may also be physically detained by the immigration authorities is irrelevant to the "in custody" determination.

4

| THE COURT: | Do you understand that also by pleading guilty, that you are subject to being deported, and in all likelihood will be deported after the serving of any sentence? |
|---|---|

THE DEFENDANT: Yes.

(Tr. of Plea Allocution dated Feb. 15, 2007 at 5:10-16.)

At the conclusion of the thorough Rule 11 proceeding before Magistrate Judge Ellis, the magistrate judge found that petitioner's plea was knowing and voluntary, that he understood the nature of the charges and the consequences of his plea, and that there was a factual basis for the plea. (Id. at 14:4-7.) Subsequently, this Court reviewed the transcript of the plea allocution and also found specifically that the plea was knowing and voluntary and accepted the plea. (Order Accepting Plea Allocation Before a U.S. Magistrate Judge dated Mar. 22, 2007.) The record of the plea allocution firmly supports these findings. Fall's plea was knowing and voluntary and Fall was fully informed of the consequences—including the immigration consequences—of his plea.

2. *Fall's Guilty Plea Is Not Invalid Due to His Counsel's Alleged Ineffective Assistance*

Fall next claims that his plea was invalid because his counsel failed to explain fully the consequences of pleading guilty, convinced him to plead guilty, and neglected to pursue and review with him all of his options before he pleaded guilty. "Ineffective assistance of counsel may render a guilty plea involuntary, and hence invalid." United States v. Couto, 311 F.3d 179, 187 (2d Cir. 2002) (citation and quotation marks omitted). A claim that a guilty plea was involuntary due to ineffective assistance of counsel must be evaluated under the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). See Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (Strickland analysis applies in the context of guilty pleas); Chang v. United States, 250 F.3d

5

79, 84 (2d Cir. 2001). Under Strickland, a petitioner must show that (1) his attorney's representation fell below an objective standard of reasonableness, Strickland, 466 U.S. at 688, and (2) there is a "reasonable probability that, but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

In this section 2255 petition, Fall asserts that his counsel failed to advise him of the immigration consequences of pleading guilty—specifically, that a conviction for making a false statement in a passport application would be deemed a crime of moral turpitude under the immigration laws rendering Fall ineligible for suspension of deportation, a form of relief from removal. However, by Fall's own admission, in urging Fall to plead guilty to the instant offense, his counsel repeatedly stated, "you will be deported" (Motion Pursuant to 28 U.S.C. § 2255 filed by Mouhamadou Moustapha Fall Dec. 4, 2007 ("Sec. 2255 Mot.") ¶ 12(D)), thereby informing Fall of the possible immigration consequences of his plea. Because Fall admits that his attorney informed him that a guilty plea would result in his deportation, his ineffective assistance of counsel claim fails.[2]

B.     Fall's Other Assertions Do Not Entitle Him to Relief Under Section 2255

In his petition, Fall asserts that his counsel provided ineffective assistance when he failed to disclose to the Court certain facts relevant to Fall's sentence—namely, that Fall was suffering from "grave [sic] disease" and that Fall "lost [his] brother during the first 'desert

---

[2] In addition, even assuming, contrary to the record, that Fall's counsel failed to inform him of the likelihood of removal from the United States, the Second Circuit has held that "an attorney's failure to inform a client of the deportation consequences of a guilty plea, without more, does not fall below an objective standard of reasonableness." Couto, 311 F.3d at 187; see also Hernandez v. United States, 07 Civ. 4593, 2008 U.S. Dist. LEXIS 34124, at *11 (S.D.N.Y. Apr. 23, 2008). Although "an attorney's *affirmative misrepresentations* on the subject might well constitute ineffective assistance," Couto 311 F.3d at 187, Fall does not allege that he was affirmatively misled by counsel and nothing in the record suggests such a possibility, cf. id. at 182-84, 188 (finding ineffective assistance where a criminal defense attorney assured his client "that they could deal with her immigration problem after the guilty plea, and said there were many things that could be done to prevent her from being deported," even though her plea "meant virtually automatic, unavoidable deportation" under the immigration laws).

6

storm.'" (Sec. 2255 Mot. at ¶ 12(D)). Assuming solely for the sake of argument that failing to disclose those facts to the sentencing court fell below an objective standard of reasonableness under the first Strickland prong, Fall has nevertheless failed to demonstrate any prejudice. Having reviewed the Presentence Report prepared by the Probation Department and the submissions of the parties, this Court sentenced Fall to the bottom of the advisory range established by the United States Sentencing Guidelines. Indeed, while the Guidelines recommended a minimum six month custodial sentence, the Court imposed a sentence of time served, which amounted to roughly two months in pre-trial detention, along with a four month period of home confinement as a condition of supervised release. (Sent. Tr. at 8-9.) The Court also imposed a total term of two years of supervised release. (Id.) Aware that it had the authority to vary from the Guidelines range, the Court stated at Fall's sentencing that it had considered "every element and factor set forth in 18 U.S.C. § 3553(a)," in order to arrive at an appropriate sentence "sufficient but not greater than necessary to effectuate the ends set forth in 3553(a)." (Sentencing Tr. dated Mar. 30, 2007 at 11.) There is nothing in the record to suggest that, had Fall's counsel informed the Court of Fall's alleged medical condition or of his brother's service, Fall's sentence would have been any different.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion pursuant to 28 U.S.C. § 2255 is denied and the petition is dismissed;

2. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; Middleton v. Attorneys Gen. of New York and Pennsylvania, 396 F.3d 207 (2d Cir. 2005) (per curiam); and

7

3.  Pursuant to 28 U.S.C. § 1915(a)(3) the Court certifies that any appeal from this Order would not be taken in good faith.

Dated: New York, New York
October 31, 2008

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

8